

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| KENNARD BAKER,<br>KIRBY SLUPE, ESTATE OF<br>LARRY KIOUS, PAUL LITTLE,<br>JERRY BRYANT, RUTH SALAZAR,<br>KENNETH STANLEY, DANNY ELKINS,<br>and LEROY RUEUDAZ,<br><br>        Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and<br>ETHICON, INC., C. R. BARD a/k/a<br>C.R. BARD DAVOL DIVISION and<br>COVIDIEN,<br>        Defendants. | FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>JAN 0 4 2022<br><br>RICK WARREN<br>COURT CLERK<br>107 _____<br><br>Case No. CJ-2020-967 |

## AMENDED PETITION

**COME NOW** the Plaintiffs, Kennard Baker, individually (hereinafter referred to as Plaintiff "Baker") and Kirby Slupe, individually (hereinafter referred to as Plaintiff "Slupe"), Estate of Larry Kious, deceased, individually (hereinafter referred to as Plaintiff "Kious"), Paul Little, (hereinafter referred to as Plaintiff "Little"), Jerry Bryant (hereinafter referred to as Plaintiff "Bryant"), Ruth Salazar (hereinafter referred to as Plaintiff "Salazar"), Kenneth Stanley (hereinafter referred to as Plaintiff "Stanley"), Danny Elkins (hereinafter referred to as Plaintiff "Elkins") and Leroy Reudas (hereinafter referred to as Plaintiff "Ruedaz") by and through their attorney, Daniel M. Delluomo of Delluomo & Crow, PA, and for their amended cause of action over and against the Defendant Johnson & Johnson (hereinafter referred to as "Defendant Johnson & Johnson"), Defendant Ethicon, Inc. (hereinafter referred to as "Defendant Ethicon"), Defendant C.R. Bard (hereinafter "Defendant Bard"), and Defendant Covidien (hereinafter "Defendant Covidien") hereby allege and state as follows:

**Exhibit 2**

## JURISDICTION

1. Plaintiff Baker is a resident of Comanche County, State of Oklahoma.

2. Plaintiff Slupe is a resident of Oklahoma County, State of Oklahoma.

3. That Plaintiff Kious was a resident of Oklahoma County, State of Oklahoma.

4. Plaintiff Little is a resident of Oklahoma County, State of Oklahoma.

5. Plaintiff Bryant is a resident of Oklahoma County, State of Oklahoma.

6. Plaintiff Salazar is a resident of Comanche County, State of Oklahoma.

7. Plaintiff Stanley is a resident of Greer County, State of Oklahoma.

8. Plaintiff Elkins is a resident of Wichita County, State of Texas.

9. Plaintiff Ruedaz is a resident of Comanche County, State of Oklahoma.

10. This cause of action arises in Oklahoma County, State of Oklahoma.

11. Defendants Johnson and Johnson, Ethicon, C. R. Bard, and Covidien are foreign corporations doing business in the State of Oklahoma.

### Plaintiff Baker

12. That on or about February 1st, 2010, Plaintiff Baker had a hernia mesh, which was manufactured by Defendants, surgically implanted into his body and Plaintiff Baker is in need of surgery to have the device removed.

13. That Plaintiff Baker has undergone severe pain caused by the medical device manufactured by Defendants. The device was a hernia mesh product.

14. The product that was sold and/or manufactured by Defendants caused Plaintiff Baker severe problems. Said product was defective in design and manufacture, and was unreasonably dangerous. Plaintiff Baker continues to have problems caused by the product. Plaintiff Baker needs surgical intervention to remove the defective product.

**Exhibit 2**

15. Defendants owed Plaintiff Baker a duty of care, which required them to not sell a defective product, and are liable to Plaintiff Baker for his damages and personal injuries pursuant to the doctrine of strict product liability. The product mesh was defective in many ways; mainly it was defectively designed and manufactured which allowed Plaintiff Baker nerves and muscles to become intertwined in the mesh causing excruciating pain, permanent injury, and disfigurement.

16. Defendants put the dangerous product into the stream of commerce and knew the defects could cause great bodily harm. Defendants are responsible for its agents, employees, and sub-contractors under the doctrine of respondeat superior. Defendants breached the warranty and contractual duty owed to Plaintiff Baker.

17. Despite the knowledge of the defect, Defendants placed the dangerous product into the stream of commerce knowing full and well the prosperity for injury. Defendants acted willfully and wantonly by placing the defective product into the stream of commerce. The defect in design and manufacturing of the product was the actual and proximate cause of Plaintiff Baker's injuries. Defendants are fully liable. Defendants failed to warn about the dangers of their product.

18. That as a direct result of Defendants' breach of duty, strict liability, and negligent acts, Plaintiff Baker was injured and has suffered certain permanent and personal injuries including, but not limited to, excruciating mental and physical pain and suffering; diminished mental capacity; loss of income; Plaintiff Baker has incurred medical bills, and will incur future medical bills, loss of enjoyment of life, and permanent impairment to his whole body, all caused by the Defendants, and all to the detriment of Plaintiff Baker.

**Exhibit 2**

19. That the Defendants acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product.

20. Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

**WHEREFORE**, premises considered, Plaintiff Kennard Baker, individually, prays for judgment against the Defendants, and each of them, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, reasonable attorney fees and the cost of this action and such other relief as this court may deem just and proper.

### Plaintiff Slupe

21. That on or about September 22, 2015, Plaintiff Slupe had a hernia mesh, which was manufactured by Defendants, surgically implanted into his body. The mesh was a J&J Ethicon Physiomesh product.

22. That Plaintiff Slupe has undergone severe pain caused by the medical device manufactured by Defendants. The device was a hernia mesh product and needs the device surgically removed.

23. The product that was sold and/or manufactured by Defendants caused Plaintiff Slupe severe problems. Said product was defective in design and manufacture, and was unreasonably dangerous. Plaintiff Slupe continues to have problems caused by the product. Plaintiff Slupe needs surgical intervention to remove the defective product.

**Exhibit 2**

24. Defendants owed Plaintiff Slupe a duty of care, which required it to not sell a defective product, and are liable to Plaintiff Slupe for his damages and personal injuries pursuant to the doctrine of strict product liability. The product mesh was defective in many ways; mainly it was defectively designed and manufactured which allowed Plaintiff nerves and muscles to become intertwined in the mesh causing excruciating pain, permanent injury, and disfigurement. Defendants put the dangerous product into the stream of commerce and knew the defects could cause great bodily harm. Defendants are responsible for its agents, employees, and sub-contractors under the doctrine of respondeat superior. Defendants breached the warranty and contractual duty owed to Plaintiff Slupe.

25. Despite the knowledge of the defect, Defendants placed the dangerous product into the stream of commerce knowing full and well the prosperity for injury. Defendants acted willfully and wantonly by placing the defective product into the stream of commerce. The defect in design and manufacturing of the product was the actual and proximate cause of Plaintiff Slupe's injuries. Defendants are fully liable. Defendants failed to warn about the dangers of their product.

26. That as a direct result of Defendants' breach of duty, strict liability, and negligent acts, Plaintiff Slupe was injured and has suffered certain permanent and personal injuries including, but not limited to, excruciating mental and physical pain and suffering; diminished mental capacity; loss of income; Plaintiff Slupe has incurred medical bills, and will incur future medical bills, loss of enjoyment of life, and permanent impairment to his whole body, all caused by the Defendants, and all to the detriment of Plaintiff Slupe.

**Exhibit 2**

27. That the Defendants acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product.

28. Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

**WHEREFORE**, premises considered, Plaintiff Kirby Slupe, individually, prays for judgment against the Defendants, and each of them, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, reasonable attorney fees and the cost of this action and such other relief as this court may deem just and proper.

### Plaintiff Estate of Kious

29. That on or about August 26, 2009, Plaintiff Larry Kious had a hernia mesh, which was manufactured by Defendants, surgically implanted into his body which was manufactured by Defendant Bard, surgically implanted into his body. The mesh was a Bard 3D Max mesh.

30. That Plaintiff Kious has undergone and continues to suffer severe pain caused by the medical device manufactured by Defendants. The device was a hernia mesh product and he needs the device surgically removed.

31. Defendants owed Plaintiff Kious a duty of care, which required it to not sell a defective product, and are liable to Plaintiff Kious for his damages and personal injuries pursuant to the doctrine of strict product liability. The product mesh was defective in many ways; mainly it was defectively designed and manufactured which allowed Plaintiff nerves and muscles to become intertwined in the mesh causing excruciating pain, permanent injury, and disfigurement.

**Exhibit 2**

32. Defendants put the dangerous product into the stream of commerce and knew the defects could cause great bodily harm. Defendants are responsible for its agents, employees, and sub-contractors under the doctrine of respondeat superior. Defendants breached the warranty and contractual duty owed to Plaintiff Kious.

33. Despite the knowledge of the defect, Defendants placed the dangerous product into the stream of commerce knowing full and well the propensity for injury. Defendants acted willfully and wantonly by placing the defective product into the stream of commerce. The defect in design and manufacturing of the product was the actual and proximate cause of Plaintiff Kious' injuries. Defendants are fully liable. Defendants failed to warn about the dangers of their product.

34. That as a direct result of Defendants' breach of duty, strict liability, and negligent acts, Plaintiff Kious was injured and has suffered certain permanent and personal injuries including, but not limited to, excruciating mental and physical pain and suffering; diminished mental capacity; loss of income; Plaintiff Kious has incurred medical bills, and will incur future medical bills, loss of enjoyment of life, and permanent impairment to his whole body, all caused by the Defendants, and all to the detriment of Plaintiff Kious.

35. That the Defendants acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product.

36. Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

**Exhibit 2**

**WHEREFORE**, premises considered, Plaintiff Larry Kious, individually, prays for judgment against the Defendants, and each of them, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, reasonable attorney fees and the cost of this action and such other relief as this court may deem just and proper.

### Plaintiff Little

37. That on or about December 5, 2017, Plaintiff Little had two mesh devices, which were manufactured by Defendants, surgically implanted into his body and will have to undergo future surgery(ies) to repair damage the mesh devices caused.

38. That Plaintiff Little has suffered severe pain and complications caused by the medical device manufactured by Defendants. The device was a hernia mesh product.

39. The product that was sold and/or manufactured by Defendants caused Plaintiff Little severe pain following the implantation. Said product was defective in design and manufacture and was unreasonably dangerous. Plaintiff Little continues to have problems caused by the product. Plaintiff Little needs surgical intervention to remove the defective product.

40. Defendants owed Plaintiff Little a duty of care, which required them to not sell a defective product, and are liable to Plaintiff Little for his damages and personal injuries pursuant to the doctrine of strict product liability. The product mesh was defective in many ways; mainly it was defectively designed and manufactured which allowed Plaintiff Little nerves and muscles to become intertwined in the mesh causing excruciating pain, permanent injury, and disfigurement.

**Exhibit 2**

41. Defendants put the dangerous product into the stream of commerce and knew the defects could cause great bodily harm. Defendants are responsible for its agents, employees, and sub-contractors under the doctrine of respondeat superior. Defendants breached the warranty and contractual duty owed to Plaintiff Little.

42. Despite the knowledge of the defect, Defendants placed the dangerous product into the stream of commerce knowing full and well the prosperity for injury. Defendants acted willfully and wantonly by placing the defective product into the stream of commerce. The defect in design and manufacturing of the product was the actual and proximate cause of Plaintiff Little's injuries. Defendants are fully liable. Defendants failed to warn about the dangers of their product.

43. That as a direct result of Defendants' breach of duty, strict liability, and negligent acts, Plaintiff Little was injured and has suffered certain permanent and personal injuries including, but not limited to, excruciating mental and physical pain and suffering; diminished mental capacity; loss of income; Plaintiff Little has incurred medical bills, and will incur future medical bills, loss of enjoyment of life, and permanent impairment to his whole body, all caused by the Defendants, and all to the detriment of Plaintiff Little.

44. That the Defendants acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product.

45. Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

**Exhibit 2**

**WHEREFORE**, premises considered, Plaintiff Paul Little, individually, prays for judgment against the Defendants, and each of them, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, reasonable attorney fees and the cost of this action and such other relief as this court may deem just and proper.

### Plaintiff Bryant

That on or about March 2, 2021, Plaintiff Bryant had surgery for mesh implantation and repair as a result of a defective bilateral Covidien mesh devices, which were manufactured by Defendant Covidien, surgically implanted into his body and will have to undergo future surgery(ies) to repair damage the mesh devices caused.

46. That Plaintiff Bryant has suffered severe pain, including testicular disfigurement and pain, and complications caused by the medical device manufactured by Defendants. The device was a hernia mesh product.

47. The product that was sold and/or manufactured by Defendants caused Plaintiff Bryant severe pain following the implantation. Said product was defective in design and manufacture and was unreasonably dangerous. Plaintiff Bryant continues to have problems caused by the product.

48. Defendants owed Plaintiff Bryant a duty of care, which required them to not sell a defective product, and are liable to Plaintiff Bryant for his damages and personal injuries pursuant to the doctrine of strict product liability. The product mesh was defective in many ways; mainly it was defectively designed and manufactured which allowed Plaintiff Bryant nerves and muscles to become intertwined in the mesh causing excruciating pain, permanent injury, and disfigurement.

**Exhibit 2**

49. Defendants put the dangerous product into the stream of commerce and knew the defects could cause great bodily harm. Defendants are responsible for its agents, employees, and sub-contractors under the doctrine of respondeat superior. Defendants breached the warranty and contractual duty owed to Plaintiff Bryant.

50. Despite the knowledge of the defect, Defendants placed the dangerous product into the stream of commerce knowing full and well the prosperity for injury. Defendants acted willfully and wantonly by placing the defective product into the stream of commerce. The defect in design and manufacturing of the product was the actual and proximate cause of Plaintiff Bryant's injuries. Defendants are fully liable. Defendants failed to warn about the dangers of their product.

51. That as a direct result of Defendants' breach of duty, strict liability, and negligent acts, Plaintiff Bryant was injured and has suffered certain permanent and personal injuries including, but not limited to, excruciating mental and physical pain and suffering; diminished mental capacity; loss of income; Plaintiff Bryant has incurred medical bills, and will incur future medical bills, loss of enjoyment of life, and permanent impairment to his whole body, all caused by the Defendants, and all to the detriment of Plaintiff Bryant.

52. That the Defendants acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product.

53. Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

**Exhibit 2**

**WHEREFORE**, premises considered, Plaintiff Bryant, individually, prays for judgment against the Defendants, and each of them, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, reasonable attorney fees and the cost of this action and such other relief as this court may deem just and proper.

### Plaintiff Salazar

54. That in or about the year 2016, Plaintiff Salazar had surgery for mesh removal as a result of a defective mesh device, which was manufactured by Defendants.

55. That Plaintiff Salazar has suffered severe pain and complications caused by the medical device manufactured by Defendants and needs additional surgery. The device was a hernia mesh product.

56. The product that was sold and/or manufactured by Defendants caused Plaintiff Salazar severe pain following the implantation. Said product was defective in design and manufacture and was unreasonably dangerous. Plaintiff Salazar continues to have problems caused by the product.

57. Defendants owed Plaintiff Salazar a duty of care, which required them to not sell a defective product, and are liable to Plaintiff Salazar for her damages and personal injuries pursuant to the doctrine of strict product liability. The product mesh was defective in many ways; mainly it was defectively designed and manufactured which allowed Plaintiff Salazar's nerves and muscles to become intertwined in the mesh causing excruciating pain, permanent injury, and disfigurement.

**Exhibit 2**

58. Defendants put the dangerous product into the stream of commerce and knew the defects could cause great bodily harm. Defendants are responsible for its agents, employees, and sub-contractors under the doctrine of respondeat superior. Defendants breached the warranty and contractual duty owed to Plaintiff Salazar.

59. Despite the knowledge of the defect, Defendants placed the dangerous product into the stream of commerce knowing full and well the prosperity for injury. Defendants acted willfully and wantonly by placing the defective product into the stream of commerce. The defect in design and manufacturing of the product was the actual and proximate cause of Plaintiff Salazar's injuries. Defendants are fully liable. Defendants failed to warn about the dangers of their product.

60. That as a direct result of Defendants' breach of duty, strict liability, and negligent acts, Plaintiff Salazar was injured and has suffered certain permanent and personal injuries including, but not limited to, excruciating mental and physical pain and suffering; diminished mental capacity; loss of income; Plaintiff Salazar has incurred medical bills, and will incur future medical bills, loss of enjoyment of life, and permanent impairment to her whole body, all caused by the Defendants, and all to the detriment of Plaintiff Salazar.

61. That the Defendants acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product.

62. Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

**Exhibit 2**

**WHEREFORE**, premises considered, Plaintiff Salazar, individually, prays for judgment against the Defendants, and each of them, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, reasonable attorney fees and the cost of this action and such other relief as this court may deem just and proper.

### Plaintiff Stanley

63. That in April of 2018, Plaintiff Stanley underwent surgery and received Bard VASC devices for hernia repair. The devices were manufactured by Defendant Bard.

64. Plaintiff Stanley has suffered severe pain, including heart and stomach issues pain, and complications caused by the medical device manufactured by Defendants. The device was a hernia mesh product.

65. The product that was sold and/or manufactured by Defendants caused Plaintiff Stanley severe pain following the implantation. Said product was defective in design and manufacture and was unreasonably dangerous. Plaintiff Stanley continues to have problems caused by the product and he underwent surgery in September of 2020 in an attempt to repair the mesh. Plaintiff is scheduled for additional surgeries.

66. Defendants owed Plaintiff Stanley a duty of care, which required them to not sell a defective product, and are liable to Plaintiff Stanley for his damages and personal injuries pursuant to the doctrine of strict product liability. The product mesh was defective in many ways; mainly it was defectively designed and manufactured which allowed Plaintiff Stanley's nerves and muscles to become intertwined in the mesh causing excruciating pain, permanent injury, and disfigurement.

**Exhibit 2**

67. Defendants put the dangerous product into the stream of commerce and knew the defects could cause great bodily harm. Defendants are responsible for its agents, employees, and sub-contractors under the doctrine of respondeat superior. Defendants breached the warranty and contractual duty owed to Plaintiff Stanley.

68. Despite the knowledge of the defect, Defendants placed the dangerous product into the stream of commerce knowing full and well the prosperity for injury. Defendants acted willfully and wantonly by placing the defective product into the stream of commerce. The defect in design and manufacturing of the product was the actual and proximate cause of Plaintiff Stanley injuries. Defendants are fully liable. Defendants failed to warn about the dangers of their product.

69. That as a direct result of Defendants' breach of duty, strict liability, and negligent acts, Plaintiff Stanley was injured and has suffered certain permanent and personal injuries including, but not limited to, excruciating mental and physical pain and suffering; diminished mental capacity; loss of income; Plaintiff Stanley has incurred medical bills, and will incur future medical bills, loss of enjoyment of life, and permanent impairment to his whole body, all caused by the Defendants, and all to the detriment of Plaintiff Stanley.

70. That the Defendants acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product.

71. Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

**Exhibit 2**

WHEREFORE, premises considered, Plaintiff Stanley, individually, prays for judgment against the Defendants, and each of them, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, reasonable attorney fees and the cost of this action and such other relief as this court may deem just and proper.

### Plaintiff Elkins

72. That on or about February 12, 2021, Plaintiff Elkins underwent surgery for mesh implantation and the mesh device was manufactured by Defendants. Plaintiff Elkins now requires surgery to repair damage the mesh devices caused.

73. That Plaintiff Elkins has suffered severe pain and complications caused by the medical device manufactured by Defendants. The device was a hernia mesh product.

74. The product that was sold and/or manufactured by Defendants caused Plaintiff Elkins severe pain following the implantation. Said product was defective in design and manufacture and was unreasonably dangerous. Plaintiff Elkins continues to have problems caused by the product.

75. Defendants owed Plaintiff Elkins a duty of care, which required them to not sell a defective product, and are liable to Plaintiff Elkins for his damages and personal injuries pursuant to the doctrine of strict product liability. The product mesh was defective in many ways; mainly it was defectively designed and manufactured which allowed Plaintiff Elkins nerves and muscles to become intertwined in the mesh causing excruciating pain, permanent injury, and disfigurement.

Exhibit 2

76. Defendants put the dangerous product into the stream of commerce and knew the defects could cause great bodily harm. Defendants are responsible for its agents, employees, and sub-contractors under the doctrine of respondeat superior. Defendants breached the warranty and contractual duty owed to Plaintiff Elkins.

77. Despite the knowledge of the defect, Defendants placed the dangerous product into the stream of commerce knowing full and well the prosperity for injury. Defendants acted willfully and wantonly by placing the defective product into the stream of commerce. The defect in design and manufacturing of the product was the actual and proximate cause of Plaintiff Elkins's injuries. Defendants are fully liable. Defendants failed to warn about the dangers of their product.

78. That as a direct result of Defendants' breach of duty, strict liability, and negligent acts, Plaintiff Elkins was injured and has suffered certain permanent and personal injuries including, but not limited to, excruciating mental and physical pain and suffering; diminished mental capacity; loss of income; Plaintiff Elkins has incurred medical bills, and will incur future medical bills, loss of enjoyment of life, and permanent impairment to his whole body, all caused by the Defendants, and all to the detriment of Plaintiff Elkins.

79. That the Defendants acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product.

80. Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

**Exhibit 2**

**WHEREFORE**, premises considered, Plaintiff Elkins, individually, prays for judgment against the Defendants, and each of them, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, reasonable attorney fees and the cost of this action and such other relief as this court may deem just and proper.

### Plaintiff Ruedaz

81. That on or about May, 2018, Plaintiff Ruedaz underwent surgery for mesh implantation and was implanted with a mesh device manufactured by Defendants.

82. That Plaintiff Ruedaz has suffered severe pain, including testicular disfigurement and pain, and complications caused by the medical device manufactured by Defendants. The device was a hernia mesh product.

83. The product that was sold and/or manufactured by Defendants caused Plaintiff Ruedaz severe pain following the implantation. Said product was defective in design and manufacture and was unreasonably dangerous. Plaintiff Ruedaz continues to have problems caused by the product and needs future surgery.

84. Defendants owed Plaintiff Ruedaz a duty of care, which required them to not sell a defective product, and are liable to Plaintiff Ruedaz for his damages and personal injuries pursuant to the doctrine of strict product liability. The product mesh was defective in many ways; mainly it was defectively designed and manufactured which allowed Plaintiff Ruedaz nerves and muscles to become intertwined in the mesh causing excruciating pain, permanent injury, and disfigurement.

**Exhibit 2**

85. Defendants put the dangerous product into the stream of commerce and knew the defects could cause great bodily harm. Defendants are responsible for its agents, employees, and sub-contractors under the doctrine of respondeat superior. Defendants breached the warranty and contractual duty owed to Plaintiff Ruedaz.

86. Despite the knowledge of the defect, Defendants placed the dangerous product into the stream of commerce knowing full and well the prosperity for injury. Defendants acted willfully and wantonly by placing the defective product into the stream of commerce. The defect in design and manufacturing of the product was the actual and proximate cause of Plaintiff Little's injuries. Defendants are fully liable. Defendants failed to warn about the dangers of their product.

87. That as a direct result of Defendants' breach of duty, strict liability, and negligent acts, Plaintiff Ruedaz was injured and has suffered certain permanent and personal injuries including, but not limited to, excruciating mental and physical pain and suffering; diminished mental capacity; loss of income; Plaintiff Ruedaz has incurred medical bills, and will incur future medical bills, loss of enjoyment of life, and permanent impairment to his whole body, all caused by the Defendants, and all to the detriment of Plaintiff Ruedaz.

88. That the Defendants acted in a grossly negligent manner, with reckless disregard as to the safety of their product and without regard to the potential that their product would cause severe personal injuries to consumers. Defendants should have, among other actions, ordered a recall or changed the design of the product.

89. Defendants should be punished for their actions and to deter future actions; punitive damages are proper.

**Exhibit 2**

**WHEREFORE**, premises considered, Plaintiff Ruedaz, individually, prays for judgment against the Defendants, and each of them, for actual damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) and punitive damages in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest thereon, reasonable attorney fees and the cost of this action and such other relief as this court may deem just and proper.

Respectfully submitted,

*[signature]*

**DANIEL M. DELLUOMO**, OBA #11810
DELLUOMO & CROW, PA
6812 N. Robinson Avenue
Oklahoma City, Oklahoma 73116
(405) 843-0400
(405) 843-5005 (fax)
monty@delluomo.com
**ATTORNEYS FOR PLAINTIFFS**

*JURY TRIAL DEMANDED*
*ATTORNEY LIEN CLAIMED*

**Exhibit 2**